**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**HONEY MILESTONE,**

    **Plaintiff,**

v.                                                                  CASE NO.:

**CITRUS SPECIALTY GROUP, INC.,**
**HCA PHYSICIAN SERVICES, INC., and**
**CITRUS MEMORIAL HOSPITAL INC.,**

    **Defendants.**
_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, HONEY MILESTONE, by and through undersigned counsel, brings this action against Defendants, CITRUS SPECIALTY GROUP, INC., HCA PHYSICIAN SERVICES, INC. and CITRUS MEMORIAL HOSPITAL, INC. (Collectively "Defendants"), and in support of her claims states as follows:

## **JURISDICTION AND VENUE**

1. This is an action for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA").

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2601 et seq.

2. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hernando County, Florida.

## **PARTIES**

3. Plaintiff worked in Citrus County for Defendants.

4. Defendants operate a hospital in Citrus County, Florida.

## GENERAL ALLEGATIONS

5. This is an action to recover damages suffered by Plaintiff while employed by Defendants, when Defendants interfered with Plaintiff's rights under the FMLA and retaliated against Plaintiff for exercising these same rights.

6. At the time of these events, Plaintiff was an employee of Defendants, and she worked at least 1250 hours in the 12 months preceding her request for leave under the FMLA.

7. Thus, Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

8. Defendants are an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

9. Plaintiff has satisfied all conditions precedent, or they have been waived.

10. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

11. Plaintiff requests a jury trial for all issues so triable.

## FACTS

12. Plaintiff began working for Defendants on or around October 2017.

13. At all times relevant to the facts alleged in this Complaint, Plaintiff suffered from a medical condition that qualified as a serious health condition within the meaning of the FMLA.

14. During her employment, Plaintiff became pregnant. Plaintiff notified Defendants almost immediately.

15. Unfortunately, in February 2019, Plaintiff suffered a miscarriage.

16. However, in April 2019, Plaintiff became pregnant again and was diagnosed with a high risk pregnancy.

17. On or about April 2019, Plaintiff submitted proper medical documentation to Defendants in support of her high risk pregnancy and need for medical leave beginning on October 1, 2019.

18. Defendants failed to notify Plaintiff of her medical rights under the FMLA. Specifically, Natalie Hunter, incorrectly notified Plaintiff that she was ineligible for FMLA.

19. On or about October 2018, Plaintiff was forced to resign her position because Defendants failed to grant Plaintiff her medical leave under the FMLA. Plaintiff's resignation effectively amounts to a termination for requesting medical leave that should have been protected by the FMLA.

20. Plaintiff exercised her rights under the FMLA by requesting medical leave.

21. By constructively discharging Plaintiff, Defendants violated Plaintiff's rights under the FMLA.

## COUNT I – FMLA INTERFERENCE

22. Plaintiff realleges and readopts the allegations of paragraphs 1 through 21 of this Complaint, as fully set forth herein.

23. Plaintiff required time off from work to care for herself, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

24. By constructively discharging Plaintiff for seeking medical leave, Defendants interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

25. Defendants' actions were willful and done with malice.

26. Plaintiff was injured due to Defendants' violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) That this Court enter a judgment that Defendants interfered with Plaintiff's rights in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendants;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits, or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendants and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendants' violations of the FMLA;

(e) Front pay;

    (f)    Liquidated Damages;

    (g)    Prejudgment interest on all monetary recovery obtained;

    (h)    All costs and attorney's fees incurred in prosecuting these claims; and

    (i)    For such further relief as this Court deems just and equitable.

## COUNT II – FMLA RETALIATION

27. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 21 of this Complaint, as fully set forth herein.

28. Plaintiff required time off from work to care for herself, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

29. Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise her FMLA rights.

30. Defendants retaliated against Plaintiff for engaging in protected activity under the FMLA by constructively discharging Plaintiff.

31. Defendants' actions were willful and done with malice.

32. Plaintiff was injured by Defendants' violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    (a)    That this Court enter a judgment that Defendants retaliated against Plaintiff in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendants ;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendants and in favor of Plaintiff, for the monetary losses Plaintiff suffered as a direct result of Defendants' violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

Dated this 20th day of September, 2019.

        Respectfully submitted,

        /s/ Luis A. Cabassa

        **LUIS A. CABASSA**
        Florida Bar Number: 0053643
        **WENZEL FENTON CABASSA, P.A.**
        1110 N. Florida Avenue, Suite 300
        Tampa, Florida 33602
        Main Number: 813-224-0431
        Direct Dial: (813) 379-2565
        Facsimile: 813-229-8712
        Email: lcabassa@wfclaw.com
        Email: gnichols@wfclaw.com
        **Attorneys for Plaintiff**