UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HONEY MILESTONE,

    Plaintiff,

v.                                                                 CASE NO. 8:19-cv-2341-T-02JSS

CITRUS SPECIALTY GROUP, INC.,
HCA PHYSICIAN SERVICES, INC., and
CITRUS MEMORIAL HOSPITAL, INC.,

    Defendants.
_____/

## ORDER COMPELLING ARBITRATION AND STAYING CASE

Upon due consideration of the Defendants' joint motion to compel arbitration (Dkt. 16), the supporting declaration and exhibit (Dkt. 17), the response in opposition (Dkt. 20), and the entire file, the Court grants the motion.

## BACKGROUND

In September 2019, before this lawsuit was filed, Plaintiff's employer Citrus Specialty Group, Inc. ("Citrus Specialty") filed an arbitration proceeding against her in connection with her early resignation. Dkt. 17-1 ¶ 7. Plaintiff then filed this action, also in September 2019, for interference and retaliation under the Family Medical Leave Act of ("FLMA") against Citrus Specialty as well as HCA Physician Services, Inc. ("HPS") and Citrus Memorial Hospital, Inc. ("Citrus Hospital"). Dkt. 1. She later amended the complaint to add claims under Title VII

of the Civil Rights Act ("Title VII") for sex discrimination, the Americans with Disabilities Act ("ADA") for discrimination and denial of reasonable accommodation, and the Florida Civil Rights Act ("FCRA") for sex and handicap discrimination and denial of reasonable accommodation. Dkt. 15. Neither complaint alleges a basis for suing HPS and Citrus Hospital as employers. As pointed out by Defendants' counsel, however, a joint employer liability theory is presumed. Dkt. 16 at 2. *See also* Dkt. 15 ¶¶ 4, 5, 15 ("Plaintiff worked in Citrus County for Defendants. Defendants operate a hospital in Citrus County, Florida.").

At the outset of Plaintiff's employment, she and Citrus Specialty entered into a Physician Employment Agreement ("employment agreement"), which contains the following arbitration provision in pertinent part:

> Except as to the provisions contained in [the sections pertaining to the disclosure of information and the covenant not to compete] . . . any controversy or claim arising out of or related to this Agreement, or any breach thereof, shall be settled by arbitration . . . . [T]he Parties hereby jointly and severally waive any and all right to trial by jury in any action or proceedings arising out of or relating to this Agreement or obligation hereunder.

Dkt. 17-1 ¶ 13.F. The governing law according to the employment agreement is "the state in which the Practice is located." Dkt. 17-1 ¶ 13.E. Plaintiff's practice was in Citrus County, Florida. Dkt. 15 ¶¶ 4 & 15.

# DISCUSSION

A strong policy exists in favor of resolving disputes by arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983). In deciding whether to compel arbitration, the court must consider: "1) whether a valid written agreement to arbitrate exists; 2) whether an arbitrable issue exists; and 3) whether the right to arbitrate has been waived." *Williams v. Eddie Acardi Motor Co.*, No. 3:07-cv-782-J-32JRK, 2008 WL 686222, at *4 (M.D. Fla. Mar. 10, 2008) (citations omitted). "[I]n determining whether a binding agreement arose between the parties, courts apply the contract law of the particular state that governs the formation of the contracts." *Dasher v. RBC Bank (USA)*, 882 F.3d 1017, 1023 (11th Cir. 2018) (alteration in original) (citing *Dasher v. RBC Bank (USA)*, 745 F.3d 1111, 1116 (11th Cir. 2014), which quotes *First Options of Chicago Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). If the agreement is valid, "any doubts concerning the scope of arbitrable issues—that is, doubts over whether an issue falls within the ambit of what the parties agreed to arbitrate—should be resolved in favor of the arbitration." *Jpay, Inc. v. Kobel*, 904 F.3d 923, 929 (11th Cir. 2018) (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24–25) (internal quotation marks omitted).

*Validity*

The agreement to arbitrate is valid. By the plain terms of the employment agreement, the governing law is Florida because the Plaintiff's medical practice was in Florida. The parties do not appear to dispute either the governing law or the agreement's validity. Dkt. 20 at 2 ("Plaintiff does not dispute that she entered into an arbitration agreement with Defendant.").

***Scope of Arbitrable Claims***

The next question, which is contested, is whether FLMA, Title VII, ADA, and FCRA claims are arbitrable under the contract terms. Plaintiff contends that her claims do not "aris[e] out of or relate[] to" the employment agreement because she has not alleged a breach of contract, i.e., "any breach thereof." Dkt. 20 at 3–4. As independent of the employment agreement, Plaintiff argues, the statutory claims are not based on, and therefore do not arise out of or relate to, the Defendants' performance of contractual duties.

Contrary to Plaintiff's assertions, however, the arbitration clause in the employment agreement clearly governs the issues raised in all the claims.[1] The Eleventh Circuit held that for arbitration clauses, the terms "arising out of" and "related to" are broad, but limit arbitration to issues that have a "direct relationship

---

[1] Defendants cite to *King v. Cintas Corp.*, 920 F. Supp. 2d 1263 (N.D. Ala. 2013), but the Court finds the language of the agreement there is not the exact same as the terms in the employment agreement in the instant case.

4

the dispute and the performance of duties specified by the contract." *Doe v. Princess Cruise Lines, Ltd.*, 657 F.3d 1204, 1218–19 (11th Cir. 2011). In *Doe*, the Court held the claims that were "dependent on her status as a seaman employed by the cruise line and the rights that she derives from that employment status" were subject to the arbitration clause under her employment contract. *Id.* at 1221. Similarly, here all the rights Plaintiff is asserting derive from her status as an employee.

Independent research reveals a case in which a substantially similar arbitration provision was found to cover federal discrimination, Fair Labor Standard Act ("FLSA"), and state law fraud claims brought by employees. *See McAdoo v. New Line Transport, LLC*, No. 8:16-cv-1917-T-27AEP, 2017 WL 942114 (M.D. Fla. Mar. 9, 2017). In *McAdoo*, the arbitration provision applied to "[a]ny dispute arising out of or relating to this Agreement, including but not limited [to] . . . any allegation of breach thereof or any alleged violation of any governmental regulation cited herein[.]" *Id*. at *1. The district court reasoned that the discrimination claims, like the FLSA claims, "relate to workplace conditions and [the employer's] treatment" of the plaintiffs as employees. *Id*. at *4. The claims were "dependent upon [the plaintiffs'] employment status and could not be brought in the absence of the employment relationship governed by [the

5

agreements]." *Id*. "The absence of any exclusionary language also militates in favor of resolving any doubts in favor of arbitration." *Id.*

The arbitration provision here, as in *McAdoo*, does not list certain types of claims, such as FMLA, Title VII, ADA, and FCRA, to be included in the scope of arbitration. As such, the employment agreement does not indicate an intent to limit the scope of the arbitration provision.[2] Plaintiff's rights under these statutes exist because of her status as an employee; this status arises from the terms of the employment agreement. *See Gonzalez v. AA Varco Moving & Storage, Inc.*, No. 18-cv-62988-CIV-MORENO/Seltzer, 2019 WL 2245478, at *3 (S.D. Fla. Mar. 18, 2019) (finding FLSA claims subject to arbitration under clause stating "any claim or controversy that arises out of or relates to this agreement, or breach thereof") (adopted in *Gonzalez*, 2019 WL 2245268 (S.D. Fla. Apr. 26, 2019)). Resolving any doubt in favor of arbitration in view of the unambiguous terms of the arbitration clause, the Court finds Plaintiff's claims subject to arbitration.

---

[2] Although the provision in *McAdoo* specifically included alleged violations of governmental regulations cited in the agreement, the court distinguished regulations from statutes. *Id*. at *5 n.4.

*Waiver/Enforcement*

Plaintiff does not take issue with the Defendants' position that none of them have waived their right to arbitrate. In any event, the Defendants have not taken any action in this lawsuit, and the Court finds no waiver.[3]

Even though not signatories, both HPS and Citrus Hospital are covered by the arbitration clause under the theory of equitable estoppel.[4] *See Lash & Goldberg LLP v. Clarke*, 88 So. 3d 426, 428 (Fla. 4th DCA 2012) (finding equitable estoppel); *Escobal v. Celebration Cruise Operator, Inc.*, No. 11-21791-CV, 2011 WL 13175628, *2–3 (S.D. Fla. June 23, 2011) (interpreting Florida law and finding equitable estoppel), *aff'd*, 482 F. App'x 475 (11th Cir. 2012). In *Escobal*, a seaman sued both his employer as the shipowner and the charterer as the shipowner's affiliate for personal injuries received on the chartered vessel. In compelling arbitration of all claims, even though the charterer was not a signatory

---

[3] Under federal law, waiver is determined by a two-part test: whether a party has acted inconsistently with proceeding to arbitration, and if so, whether the party who acted inconsistently prejudiced the other party. *Garcia v. Wachovia Corp.*, 699 F.3d 1273, 1277 (11th Cir. 2012) (citations omitted); *Williams*, 2008 WL 686222, at *9 (citations omitted). To the extent there may be a distinction between federal and state law regarding waiver, it lies in the degree of the participation in the lawsuit. *See Pierre-Louis v. CC Solutions., LLC*, No. 17-cv-60781-BLOOM/Valle, 2017 WL 4841428, at *2 (S.D. Fla. Oct. 26, 2017) (discussing distinction as "active participation" under Florida law and "substantial participation" under federal law). The Court need not address this distinction because 1) these claims are predominantly federal statutory claims, and 2) the Defendants have not acted in response to either the original or amended complaint.

[4] State law governs whether an arbitration provision may be enforced by or against a nonparty. *Kong v. Allied Prof'l Ins. Co.*, 750 F.3d 1295, 1302 (11th Cir. 2014); *Lawson v. Life of the South Ins. Co.*, 648 F.3d 1166, 1170 (11th Cir. 2011).

to the contract of employment, the district court reasoned that the seaman raised "allegations of substantially intertwined and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract." *Escobal*, 2011 WL 13175628, at *2. The Eleventh Circuit agreed and found that equitable estoppel was properly applied in requiring the seaman to arbitrate his claim against the charterer. *Escobal*, 482 F. App'x at 476.

Much like the seaman in *Escobal*, the Plaintiff has alleged claims that are substantially intertwined and pertain to the same concerted misconduct by all three Defendants. Thus, arbitration is compelled for all claims against all Defendants. In accord with Eleventh Circuit law, this case must be stayed rather than dismissed. *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992); 9 U.S.C. § 3; *see*, *e.g.*, *Giraud v. Woof Gang Bakery*, No. 8:17-cv-2442-T-26AEP, 2018 WL 2057814 (M.D. Fla. May 3, 2018).

It is therefore **ORDERED AND ADJUDGED** that Defendants' Joint Motion to Compel Arbitration (Dkt. 16) is granted. This action is stayed pending arbitration. The parties are directed to notify the Court upon resolution of the arbitration proceedings. The Clerk is directed to administratively close the case.

**DONE and ORDERED** in Tampa, Florida, on November 12, 2019.

*s/William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**: Counsel of Record